PER CURIAM.
The Florida Bar petitions this Court to amend the Florida Rules of Judicial Administration and to change the format of those rules generally to comply with style and gender requirements as mandated by this court and in response to Report of The Florida Supreme Court Gender Bias Study Commission, 42 Fla.L.Rev. 808 (1990). We have jurisdiction. Art. V, § 2(a), Fla. Const. We approve the recommendations subject to the modifications discussed below.

Rule 2.055, Fla.R.Jud.Admin.

The most controversial recommendation of the committee is proposed rule 2.055. It requires all papers filed in the courts of this state to be filed on recycled paper. This proposal is made to implement state policy established by the legislature and is already implemented in the executive and legislative branches. The Florida legislature has clearly stated that it is the policy of this state to support and encourage recycling. § 403.702, Fla.Stat. (1991). The legislature has directed counties and municipalities to reduce solid waste by a minimum of 30% by the end of 1994. § 403.706(4), Fla.Stat. (1991). See also § 187.-201(13)(b)l., Fla.Stat. (1991) (by 1994, all volume of solid waste requiring disposal must be reduced by 30%). In support of its policy, the legislature requires the use of recycled paper by all state agencies and political subdivisions using state funds. § 403.7065(1), Fla.Stat. (1991). Additionally, the legislature has mandated each state agency and the judicial branch of state government to establish recycling programs and has mandated all state agencies to aid and promote the development of recycling through their procurement policies. §§ 403.702(2)(m), 403.714(1), Fla.Stat. (1991). Because of this policy mandate, this rule proposal has been strongly supported by, among others, the governor, the Florida Department of Environmental Regulation, and a number of Florida counties.
After an investigation that included testimony from experts, the Florida Rules of Judicial Administration Committee determined that this rule could be implemented in accordance with state established policy without adversely affecting the legal profession or litigants in our courts. The committee’s investigation revealed that there is no discernible difference in quality between recycled and non-recycled paper of similar grade and weight. The committee also determined that the prices of recycled and non-recycled paper are about the same and that seldom does the price between recycled and non-recycled paper of comparable quality vary more than 10%. The board of governors of The Florida Bar opposes the proposal primarily because it is another mandatory regulation. The board also questions the enforceability of the proposed rule. Because the legislature has expressly established a policy for governmental entities of this state to use recycled paper and to promote the development of markets for recycled paper, we conclude that we should follow that policy unless we *466 can show its implementation would have an adverse effect.
Proposed rule 2.055 properly implements legislatively established public policy and places the judicial branch in a position consistent with the other branches of state government on this issue. This record presents no justifiable reason for this court not to adopt the committee’s proposal. Accordingly, we approve the proposed amendments to rule 2.055, Florida Rules of Judicial Administration.

Rule 2.070, Fla.R.Jud.Admin.

The proposed amendments to rule 2.070 regarding court reporters were previously submitted to this court in In re Amendments to Florida Rules of Judicial Administration, 595 So.2d 928 (Fla.1992). The committee included those proposals with this petition because a petition for rehearing was pending in that case at the time this petition was filed. The petition was denied. For the reasons set forth in that case, we decline to adopt the- proposed changes.

Rule 2.071, Fla.R.Jud.Admin.

The committee proposes to change rule 2.071 to mandate, absent a showing of good cause to the contrary, granting requests to appear at motion hearings by telephone so long as the hearing is set to last no more than fifteen minutes. This change would not apply to criminal, delinquency, and appellate proceedings. As written, the proposal would eliminate a court’s ability to hold telephone hearings for pretrial and status conferences. We approve the proposal but modify it to retain the option for pretrial and status telephone conferences. Additionally, we incorporate the suggestion of the board of governors to allow only the “requesting” party, rather than “any” party, to appear by telephone when the hearing is set to last for not more than fifteen minutes. We reject the board’s request to eliminate the court’s right to require a telephone appearance on its own motion.

Rule 2.160, Fla.R.Jud.Admin.

Regarding rule 2.160, the committee’s proposal clarifies the means to disqualify trial judges consistent with this court’s opinion in Brown v. St. George Island, Ltd., 561 So.2d 253 (Fla.1990). Currently, two statutory provisions, sections 38.02 and 38.10, Florida Statutes (1991), authorize a party to seek disqualification of a judge. In Brown we determined that the circumstances under which a party is entitled to seek a second disqualification are substantive rather than procedural in nature and that the statutory provisions regarding disqualification control. In light of that opinion, the committee’s proposal creates rule 2.160 to incorporate the disqualification dictates of the statutes. While we agree most of these changes are appropriate and consistent with this court’s opinion, we do not adopt that portion of the committee’s recommendation allowing a judge to defer ruling on a disqualification motion until after completion of the evidence or receipt of the verdict. We find the motion should be ruled on immediately following its presentation to the court. We also decline to adopt a review authority in this rule. Authority for review must be in the Florida Rules of Appellate Procedure. We therefore request The Florida Bar Appellate Procedure Rules Committee to consider the appropriate authority for reviewing orders of disqualification and to consider whether an amendment to the Rules of Appellate Procedure is necessary. The committee may submit its proposal to this Court out of the four-year sequence.
We approve each of the proposed amendments to the Florida Rules of Judicial Administration as modified and set forth in the appendix to this opinion. Because new rule 2.160 establishes the process for disqualification in all trial court proceedings, by this opinion we repeal the following rules governing disqualification of judges: Florida Rule of Civil Procedure 1.432, Florida Rule of Criminal Procedure 3.230, and Florida Rules of Juvenile Procedure 8.175 and 8.280. These amendments shall be effective at 12:01 a.m. on January 1, 1993.
It is so ordered.
*467 BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.
RULE 2.010. EFFECTIVE DATE AND SCOPE
These rules, cited as “Florida Rules of Judicial Administration/’ and abbreviated as “Fla._R._Jud._Admin.,” shall take effect at 12:01 a, m-a.m. on July 1, 1979. They shall apply to administrative matters in all courts to which the rules are applicable by their terms. The rules shall be construed to secure the speedy and inexpensive determination of every proceeding to which they are applicable. These rules shall supersede all conflicting rules and statutes.
RULE 2.020, DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a) Court Rule: a' rule of practice or procedure adopted to facilitate the uniform conduct of litigation applicable to all proceedings, all parties, and all attorneys.
(b) Local Court Rule: a rule of practice or procedure for circuit or county application only that, because of local conditions, supplies an omission in or facilitates application of a rule of statewide application and does not conflict therewith.
(c) Administrative Order: a directive necessary to administer properly the court’s affairs but not inconsistent with the Gconstitution or with court rules and administrative orders entered by the Ssu-preme Geourt.
RULE 2.030, THE SUPREME COURT
(a) Internal Government.
(1) Exercise of Powers and Jurisdiction. The «supreme Geourt shall exercise its powers and jurisdiction en banc. Five justices shall constitute a quorum and the concurrence of f©ur4 shall be necessary to a decision. In cases requiring only a panel of five5, if fourd of the five5 justices who consider the case do not concur, it shall be submitted to the other tw©2 justices.
(2) Chief Justice.
(A)The Gchief Jjustice shall be chosen by majority vote of the justices for a term commencing on July 1 of even-numbered years. If a vacancy occurs, a successor shall be chosen promptly to serve the balance of the unexpired term.
(B) The Gchief Jjustice shall have the following administrative powers and duties;. The chief justice shall:
(i) He shall be the administrative officer of the Geourt and shall be responsible for the dispatch of its business;
(ii) He shall have the power to act on requests for stays during the pendency of proceedings, to order the consolidation of cases, to determine all procedural motions and petitions relating to the time for filing and size of briefs and other papers provided for under the rules of this Geourt, to advance or continue cases, and to rule on other procedural matters relating to any proceeding or process in the Geourt;
(iii) He shall have the power to assign active or retired county, circuit, or appellate judges or justices to judicial service in this state, in accordance with subsectionsdi-visions (a)(3) and (a)(4) of this rule; and
(iv) He shall perform such other administrative duties as may be required and which are not otherwise provided for by law or rule.
(C) The Gchief Jjustice shall be notified by all justices of any contemplated absences from the Geourt and the reasons therefor.
(D) If the Gchief Jjustice dies, retires, or is unable to perform the duties of the office, the justice longest in continuous service shall perform the duties during the period of incapacity or until a successor Gchief Jjustice is elected.
(3)Administration.
(A) The Gchief Jjustice may, either upon request or when otherwise necessary for the prompt dispatch of business in the courts of this state, temporarily assign justices of the Ssupreme Geourt, judges of district courts of appeal, circuit judges, and judges of county courts to any court for which they are qualified to serve. Any consenting retired justice or judge mayT with his consent, be assigned to judicial service and receive compensation as provided by law.
*468 (B) For the purpose of judicial administration, a “retired judge” is defined as a judge not engaged in the practice of law who has been a judicial officer of this state. A retired judge shall comply with all requirements that the Ssupreme Ccourt deems necessary relating to the recall of retired judges.
(C) When a judge who is eligible to draw retirement compensation has entered the private practice of law, the judge may be eligible for recall to judicial service upon cessation of the private practice of law and approval of the judge’s application to the Ccourt. The application shall state the period of time the judge has not engaged in the practice of law, and must be approved by the Ccourt before the judge shall be eligible for recall to judicial service.
(D) A retired judge serving on assignment to temporary judicial duty may be referred to as a “Ssenior ¿judge.” This designation is honorary and has no effect on the responsibilities or conduct of the retired judge.
(4) Assignments of Justices and Judges.
(A) When a justice of the Ssupreme Ccourt is unable to perform the duties of office, or when necessary for the prompt dispatch of the business of the court, the Cchief ¿justice may assign to the court any judge who is qualified to servei for such time as the Cchief ¿justice may direct.
(B) When a judge of any district court of appeal is unable to perform the duties of office, or when necessary for the prompt dispatch of the business of the court, the chief judge shall advise the Cchief ¿justice and the Cchief ¿justice may assign to the court any judge who is qualified to serve, for such time or such proceedings as the Cchief ¿justice may direct.
(C) When any circuit or county judge is unable to perform the duties of office, or when necessary for the prompt dispatch of the business of the court, the chief judge of the circuit may assign any judge in the circuit to temporary service for which the judge is qualified, in accordance with Rrule 2.050. If the chief judge deems it necessary, faethe chief judge may request the Cchief ¿justice to assign a judge to the court for such time or such proceedings as the Cchief ¿justice may direct.
(b) Clerk.
(1) Appointment. The Ssupreme Ccourt shall appoint a clerk who shall hold office at the pleasure of the Ccourt and perform such duties as the Ccourt directs. HfeThe clerk’s compensation shall be fixed by law. The clerk’s office shall have his officebe in the Ssupreme Ccourt building. HeThe clerk shall devote hisfull time to the duties of the office and shall not engage in the practice of law while he continues in office.
(2) Custody of Records, Files, and Seal. All papers, records, files, and the seal of the Ccourt shall be kept in the office and the custody of the clerk-and in his custody. The clerk shall not allow any paper, record, or file to be taken from faisthe clerk’s office or the courtroom, except by a justice of the Ccourt or upon the order of the Ccourt.
(3) Records of Proceedings. The clerk shall keep such records as the Ccourt may from time to time order or direct. The clerk shall keep a docket or equivalent electronic record of all cases that are brought for review to, or that originate in, the Ccourt. Each case shall be numbered in the order that the notice, petition, or other initial pleading originating the cause is filed in the Ccourt.
(4) Filing Fee. In all cases filed in the Ccourt, the clerk shall require the payment of a fee as provided by law when the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party. The payment of the fee shall not be required in habeas corpus proceedings, or appeals therefrom, arising out of or in connection with criminal actions.
(5) Issuance of Mandate; Recordation and Notification. The clerk shall issue such mandates or process as may be directed by the Ccourt. Upon the issuance of any mandate^ the clerk shall record the issuance in a book or equivalent electronic *469 record kept for that purpose, in which-he shall- note the date of issuance and the manner of transmittal of the process shall be noted. In proceedings in which no mandate is issued, upon final adjudication of the pending cause the clerk shall transmit to the party affected thereby a copy of the Ccourt’s order or judgment. The clerk shall notify the attorneys of record of the issuance of any mandate or the rendition of any final judgment. The clerk shall furnish without charge to all attorneys of record in any cause a copy of any order or written opinion rendered in such action.
(6) Return of Original Papers. Upon the conclusion of any proceeding in the Ssupreme Ccourt, the clerk shall return to the clerk of the lower court the original papers or files transmitted to the Ccourt for use in the cause.
(c) Librarian.
(1) Appointment. The Ssupreme Ccourt shall appoint a librarian of the Ssupreme Ccourt and such assistants as may be necessary. The Ssupreme Ccourt library shall be in the custody of the librarian, but under the exclusive control of the Ccourt. The library shall be open to members of the bar of the Ssupreme Ccourt, to members of the legislature, to law officers of the executive or other departments of the state, and to such other persons as may be allowed to use the library by special permission of the Ccourt.
(2) Library Hours. The library shall be open during such times as the reasonable needs of the bar require and shall be governed by regulations made by the librarian with the approval of the Ccourt.
(3) Books. Books shall not be removed from the libraryy except for use by, or upon order of, any justice.
(d) Marshal.
(1) Appointment. The Ssupreme Ccourt shall appoint a marshal who shall hold office at the pleasure of the Ccourt and perform such duties as the Ccourt directs. HisThe marshal’s compensation shall be fixed by law.
(2) Duties. The marshal shall have power to execute process of the court throughout the state and such other powers as may be conferred by law. HeThe marshal may deputize the sheriff or a deputy sheriff in any county to execute process of the court. He and shall perform such clerical or ministerial duties as the Ccourt may direct or as required by law. Subject to the direction of the Ccourt, the marshal shall be custodian of the Ssupreme Ccourt building and grounds.
(e)State Courts Administrator.
(1) Appointment. The Ssupreme Ccourt shall appoint a state courts administrator who shall serve at the pleasure of the Ccourt and perform such duties as the Ccourt directs. HisThe state courts administrator’s compensation shall be fixed by law.
(2) Duties. The state courts administrator shall supervise the administrative office of the Florida Ccourts, which shall be maintained at such place as directed by the Ssupreme Ccourt, — Be; shall employ such other personnel as the court deems necessary to aid in the administration of the state courts system, — He; shall represent the state courts system before the legislature and other bodies with respect to matters affecting the state courts system and functions related to and serving the system, — He; shall supervise the preparation and submission to the Ssupreme Ccourt^ for review and approval, of a tentative budget request for the state courts system and shall appear before the legislature in accordance with the Ccourt’s directions in support of the final budget request on behalf of the system, — He; shall assist in the preparation of educational and training materials for the state courts system and related personnel, and he- shall coordinate or assist in the conduct of educational and training sessions for such personnel, — He; shall assist all courts in the development of improvements in the system, and submit to the Cchief ¿justice and the Ccourt appropriate recommendations to improve the state courts system, — He; and shall collect and compile uniform financial and other statistical data or information reflective of the cost, work loads workloads, business, and *470 other functions related to the state courts system.
(f) Open Sessions. All sessions of the Ccourt shall be open to the public, except proceedings designated as confidential by the court and conference sessions held for the discussion and consideration of pending cases, for the formulation of opinions by the Ccourt, and for the discussion or resolution of other matters related to the administration of the state courts system.
(g) Designation of Assigned Judges. When any judge of another court is assigned for temporary service on the Ssu-preme Ccourt, hethat judge shall be designated, as author or participant, by hfe name and initials followed by the words “Associate Justice.”
RULE 2.035. DETERMINATION OF NEED FOR ADDITIONAL JUDGES
(a) Statement of Purpose.
The purpose of this rule is to set forth uniform criteria used by the Ssupreme Ccourt in determining the need for additional judges, except Ssupreme Ccourt justices, and the necessity for decreasing the number of judges¿ and for increasing, decreasing, or redefining appellate districts and judicial circuits, pursuant to article V, section 9, Florida Constitution. The criteria set forth in this rule have been identified and used by the Ssupreme Ccourt in making this determination since article V was substantially revised in 1972. These criteria form the primary basis for our determination of need. Unforeseen developments, however, may have an impact upon the judiciary resulting in needs which cannot be foreseen or predicted by statistical projections. This Ccourt, therefore, may also consider any additional information found by it to be relevant to the process. In establishing criteria for the need for additional appellate court judges, substantial reliance has been placed on the findings and recommendations of the Supreme Court Commission on Florida Appellate Court Structure. See In re Certification, 370 So._2d 365 (Fla.1979).
(b) Criteria.
(1)Trial Courts.
(A) Case — loadCaseload statistics based upon data supplied to the Sstate Ccourts Aadministrator by the clerks of the circuit courts.
(B) Growth, nature, and projections of population within a particular court’s jurisdiction.
(C) Number of attorneys within a particular court’s jurisdiction.
(D) The use and availability of retired judges to serve on a particular court.
(E) The presence of non-lawyer county court judges within a particular circuit who by law cannot be assigned to assist with the circuit court ease loadcaseload.
(F) The geographic size of a circuit, including travel times between courthouses in a particular jurisdiction.
(G) The presence of state facilities and institutions in a particular jurisdiction.
(H) Law enforcement activities in the court’s jurisdiction, including any substantial commitment of additional resources for state attorneys, public defenders, and local law enforcement.
(I) Time since the last new judgeship was authorized for the particular jurisdiction.
(J) The nature and complexity of cases coming before the courts in the jurisdiction.
(K) Prior certifications whichthat were not authorized by the legislature.
(2) District Courts of Appeal.
(A) Case.loadCaseload statistics based upon data supplied to the Sstate Ccourts Aadministrator by the clerks of the district courts of appeal. The court will presume that there is a need for an additional appellate court judgeship in any district for which a request is made and where current case loadcaseload filings reflect the need for an additional judgeship based on a primary case loadcaseload of 250 filings per judge.
(B) Any other factor deemed relevant by the court, including, but not limited to, those factors listed in (b)(1) for trial courts.
(c) Additional Work — LoadWorkload Factors.
*471 Because summary statistics reflective of the above criteria do not fully measure judicial wor-k-loadworkload, the Ssupreme Gcourt will receive and consider, among other things, information about the time to perform and volume of the following activities, which also comprise the judicial work loadworkload of a particular jurisdiction:
(1) Sreview appellate court decisions*;
(2) Sresearch legal issues*;
(3) Sreview briefs and memoranda of law*;
(4) Sparticipate in court conferences on pending cases*;
(5) Shear and dispose of motions*;
(6) Sprepare correspondence, orders, judgments, and decisional opinions*;
(7) Sreview presentence investigative reports and predispositional reports in delinquency and dependency cases*;
(8) Sreview petitions and motions for post-conviction relief*;
(9) Sperform administrative duties relating to the court*;
(10) Sparticipate in meetings with those involved in the justice system*; and
(11) Sparticipate in educational programs designed to increase the competency and efficiency of the judiciary.
(d) Certification Process. In order to gather information about these criteria and additional work loadworkload factors, the Sstate Ccourts Aadministrator will distribute a compilation of summary statistics and projections to each Cchief Jjudge at a time designated by the Cchief Jjustice. Each Cchief Jjudge will then consider these criteria, additional work loadworkload factors, and summary statistics, and submit to the Cchief Jjustice a request for any increases or decreases under article V, section 9, of the Florida Constitution whichthat the Cchief Jjudge feels are required. The Cchief Jjustice and the Sstate Ccourts Aad-ministrator may then visit the Cchief Jjudge and other representatives of the court submitting the request as well as representatives of The Florida Bar and the public to gather additional information and clarification about the need in the particular jurisdiction. The Cchief Jjustice will submit his recommendations to the Ssu-preme Ccourt¿ which will thereafter certify to the legislature its findings and recommendations concerning such need.
Court Commentary
1983 Adoption;. Article V, section 9, of the Florida Constitution authorizes the establishment, by rule, of uniform criteria for the determination of the need for additional judges, except supreme court justices, the necessity for decreasing the number of judges and for increasing, decreasing, or redefining appellate districts and judicial circuits. Each year since the adoption of article V in 1972, this Ccourt2 pursuant to section 9¿ has certified its determination of need to the legislature based upon factors and criteria set forth in our certification decisions. This rule is intended to set forth criteria and work loadworkload factors previously developed, adopted, and used in this certification process, as summarized and specifically set forth in In re Certificate of Judicial Manpower, 428 So._2d 229 (Fla.1983); In re Certificate of Judicial Manpower, 396 So._2d 172 (Fla._1981); and In re Certification, 370 So._2d 365 (Fla.1979).
RULE 2.040. DISTRICT COURTS OF APPEAL
(a) Internal Government.
(1) Exercise of Powers and Jurisdiction. Three judges shall constitute a panel for and shall consider each case, and the concurrence of a majority of the panel shall be necessary to a decision.
(2) Chief Judge. The chief judge shall be chosen by the judges of the court for a term commencing on July 1 of each odd-numbered year, and shall serve for a term of tw©2 years. In the event of a vacancy, a successor shall be chosen promptly to serve the balance of the unexpired term. The selection of a chief judge should be based on managerial, administrative, and leadership abilities. The chief judge may be removed by a two-thirds vote of the active judges. The chief judge shall be the administrative officer of the court, responsible for the dispatch of its business^ -He shall have the power to order consolidation *472 of cases2 and shall assign cases to the judges for the preparation of opinions, orders, or judgments. If the chief judge is unable to discharge histhese duties, the judge longest in continuous service or, as between judges with equal continuous service, the one having the longest unexpired term and able to do so, shall perform the duties of chief judge pending histhe chief judge’s return to duty. Judges shall notify the chief judge of any contemplated absence from the court and the reasons therefor.
(b) Clerk.
(1) Appointment. The court shall appoint a clerk who shall hold office at the pleasure of the court and perform such duties as the court directs. SisThe clerk’s compensation shall be fixed by law. The clerks shall have his office shall be in the-headquarters of the court. BeThe clerk’s time shall be devoted his-time-to the duties of the office and the clerk shall not engage in the private practice of law while he continues- in officeserving as clerk. All books, papers, records, files, and the seal of the court shall be kept in the office and the custody of the clerk and in his custody. The clerk shall not allow any book, paper, record, or file to be taken from histhe clerk’s office or the courtroom, except by a judge of the court or upon order of the court.
(2) Records of Proceedings. The clerk shall keep such records as the court may from time to time order or direct. The clerk shall keep a docket or equivalent electronic record of all cases that are brought for review to, or that originate in, the court. Each case shall be numbered in the order that the notice, petition, or other initial pleading originating the proceeding is filed in the court.
(3) Filing Fee. In all cases filed in the court, the clerk shall require the payment of a fee as provided by law at the time the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party. The payment of the fee shall not be required in habeas corpus proceedings;, or appeals therefrom.
(4) Issuance of Mandate; Recordation and Notification. The clerk shall issue such mandates or process as may be directed by the court. If the court directs that a mandate record shall be maintained, then upon the issuance of any mandate the clerk shall record the issuance in a book or equivalent electronic record kept for that purpose, in which he-shall be noted the date of issuance and the manner of transmittal of the process. In proceedings in which no mandate is issued, upon final adjudication of the pending cause the clerk shall transmit to the party affected thereby a copy of the court’s order or judgment. The clerk shall notify the attorneys of record of the issuance of any mandate or the rendition of any final judgment. The clerk shall furnish without charge to all attorneys of record in any cause a copy of any order or written opinion rendered in such action.
(5) Return of Original Papers. The clerk shall retain all original papers, files, and exhibits transmitted to the court for a period of not less than thirty30 days after rendition of the opinion or order denying petition-for -rehear-ingany motion pursuant to Florida Rule of Appellate Procedure 9.330, whichever is later. If no petition for certioraridiscretionary review proceeding or appeal has been filedtimely commenced in the Ssupreme Gcourt fortq review ef-the court’s decision within thirty30 days, the clerk shall transmit to the clerk of the trial court the original papers, files, and exhibits. If a petition for certioraridiscretionary review proceeding or appeal has been filed-timely commenced in the Ssupreme Gcourt to review the court’s decision, the original papers, files, and exhibits shall be retained by the clerk until transmitted to the Ssu-preme Gcourt or, if not so transmitted, until final disposition by the ^supreme Gcourt and final disposition by the court pursuant to the mandate issued by the Ssupreme Gcourt.
(c) Marshal.
(1) Appointment. The court shall appoint a marshal who shall hold office at the *473 pleasure of the court and perform such duties as the court directs. HisThe marshal’s compensation shall be fixed by law.
(2)Duties. The marshal shall have power to execute process of the court throughout the district, and in any county therein he-may deputize the sheriff or a deputy sheriff for such purpose. The marshal shall perform such clerical or ministerial duties as the court may direct or as are required by law. The marshal shall be custodian of the headquarters occupied by the court, whether the headquarters is an entire building or a part of a building.
(d) Open Sessions. All sessions of the court shall be open to the public, except conference sessions held for the discussion and consideration of pending cases, for the formulation of opinions by the court, and for the discussion or resolution of other matters related to the administration of the court.
(e) Designation of Assigned Judges. When any justice or judge of another court is assigned for temporary service on a district court of appeal, faethat justice or judge shall be designated, as author or participant, by hfe-name and initials followed by the words “Associate Judge.”
RULE 2.050. TRIAL COURT ADMINISTRATION
(a) Purpose. The purpose of this rule is to fix administrative responsibility in the chief judges of the circuit courts and the other judges that hethe chief judges may designate. When these rules refer to the court, they shall be construed to apply to a judge of the court when the context requires or permits.
.(b) Chief Judge.
(1) The chief judge shall be a circuit judge who possesses administrative ability.
(2) The chief judge shall exercise administrative supervision over all courts within the judicial circuit in the exercise of judicial powers and over the judges and officers of the courts. HeThe chief judge shall be responsible to the Cchief Jjustice of the Ssupreme Ccourt. The chief judge may enter and sign administrative orders-ever his signature, except as otherwise provided by this rule.
(3) The chief judge shall be the chief judicial officer of the circuity and shall maintain liaison in all judicial administrative matters with the Cchief Jjustice of the Ssupreme Ccourt», and — He shall develop an administrative plan for the efficient and proper administration of all courts within faisthat circuit. The plan shall include an administrative organization capable of effecting the prompt disposition of cases; assignment of judges, other court officers, and executive assistants; control of dockets; regulation and use of courtrooms; and mandatory periodic review of the status of the inmates of the county jail. The plan shall be compatible with the development of the capabilities of the judges in such a manner that each judge will be qualified to serve in any division, thereby creating a judicial pool from which judges may be assigned to various courts throughout the state. The administrative plan shall include a consideration of the statistical data developed by the case reporting system. Questions concerning the administration or management of the courts of the circuit shall be directed to the Cchief Jjustice of the Ssupreme Ccourt through the state courts administrator.
(4) The chief judge shall assign judges to the courts and divisions, and shall determine the length of each assignment. All judges shall inform the chief judge of any contemplated absences that will affect the progress of the court’s business. If a judge is temporarily absent, is disqualified in an action, or is unable to perform histhe duties of the office, the chief judge or histhe chief judge’s designee may assign a proceeding pending before the judge to any other judge or any additional assigned judge of the same court. The chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit. If it appears to the chief judge that the speedy, efficient, and proper administration of justice so requires, hethe chief judge shall request the Cchief Jjustice of the Ssupreme Ccourt to assign temporarily an additional judge or judges from outside the circuit to duty in *474 the court requiring assistance, and shall advise the Cchief Jjustice whether or not he has the approval of the chief judge of the circuit from which the assignment is to be made has been obtained. The assigned judges shall be subject to administrative supervision of the chief judge for all purposes of this rule. Nothing in this rule shall restrict the constitutional powers of the Cchief Jjustice of the Ssupreme Ccourt to make such assignments as faethe chief justice shall deem appropriate.
(5) The chief judge may designate a judge in any court or court division of circuit or county courts as “Aadministra-tive Jjudge” of any court or division to assist with the administrative supervision of the court or division. The designee shall be responsible to the chief judge, shall have the power and duty to carry out the responsibilities assigned to him by the chief judge, and shall serve at the pleasure of the chief judge.
(6) The chief judge may require the attendance of prosecutors, public defenders, clerks, bailiffs, and other officers of the courts, and may require from the clerks of the courts, sheriffs, or other officers of the courts periodic reports that faethe chief judge deems necessary.
(7) The chief judge shall regulate the use of courtrooms, regularly examine the dockets of the courts under faisthe chief judge’s administrative supervision, and require a report on the status of the actions on the dockets. HeThe chief judge may take such action as may be necessary to cause the dockets to be made current.
(8) The chief judge or faisthe chief judge’s designee shall regularly examine the status of every inmate of the county jail.
(9) The chief judge may authorize the clerks of courts to maintain branch county court facilities. When so authorized, clerks of court shall be permitted to retain in such branch court facilities all county court permanent records of pending cases, and may retain and destroy these records in the manner provided by law.
(c)Selection. The chief judge shall be chosen by a majority of the circuit and county court judges within the circuit for a term of tw©2 years commencing on July 1 of each odd-numbered year, or if there is no majority, by the chief justice, for a term of tw©2 years. The election for chief judge shall be held no sooner than February 1 of the year during which the chief judge’s term commences beginning July 1. Any circuit or county court judge may nominate a candidate for chief judge and proxy voting shall be permitted. A chief judge may be removed as chief judge by the Ssupreme Ccourt, acting as the administrative supervisory body of all courts, or may be removed by a two-thirds vote of the active judges. The purpose of this rule is to fix a tw©2-year cycle for the selection of the chief judge in each circuit. A chief judge may serve for successive terms. The selection of the chief judge should be based on managerial, administrative, and leadership abilities. If-aA chief judge who is to be temporarily absenVfae shall select an acting chief judge from among the circuit judges. If a chief judge dies, retires, fails to appoint an acting chief judge during an absence, or is unable to perform faisthe duties of the office, the chief justice of the Ssupreme Ccourt shall appoint a circuit judge to act as chief judge during the absence or disability, or until a successor chief judge is elected to serve the unexpired term. When the office of chief judge is temporarily vacant pending action within the scope of this paragraph, the duties of court administration shall be performed by the circuit judge having the longest continuous service as a judge or by another circuit judge designated by fafanthat judge.
(d) Circuit Court Administrator. Each circuit court administrator shall be selected or terminated by the chief judge subject to concurrence by a majority vote of the circuit and county judges of the respective circuits.
(e) Local Rules and Administrative Orders.
(1) Local court rules as defined in Rrule 2.020 may be proposed by a majority of the circuit and county judges in the circuit. The judges shall notify the local bar within the circuit of the proposal, after which they *475 shall permit a representative of the local bar, and may permit any other interested person, to be heard orally or in writing on the proposal before submitting it to the Ssupreme Gcourt for approval. When a proposed local rule is submitted to the Ssu-preme Gcourt for approval, the following procedure shall apply:
(A) Local court rule proposals shall be submitted to the Ssupreme Gcourt in January of each year. The Ssupreme Gcourt may accept emergency proposals submitted at other times.
(B) Not later than February 15 of each year, the clerk of the Ssupreme Gcourt shall submit all local court rule proposals to the Supreme Court Local Rules Advisory Committee created by Rrule 2.130. At the same time, the clerk of the Ssupreme Gcourt shall send copies of the proposed rules to the appropriate committees of The Florida Bar. The Florida Bar committees, any interested local bar associations, and any other interested person shall submit any comments or responses that they wish to make to the Supreme Court Local Rules Advisory Committee on or before March 15 of the year.
(C) The Supreme Court Local Rules Advisory Committee shall meet on or before April 15 to consider the proposals and any comments submitted by interested parties. The committee shall transmit its recommendations to the Ssupreme Gcourt concerning each proposal, with the reasons for its recommendations, within fifteenjj days after its meeting.
(D) The Ssupreme Gcourt shall consider the recommendations of the committee and may resubmit the proposals with modifications to the committee for editorial comment only. The Ssupreme Gcourt may set a hearing on any proposals, or consider them on the recommendations and comments as submitted. If a hearing is set, notice shall be given to the chief judge of the circuit from which the proposals originated, the executive director of The Florida Bar, the chairman of the Florida Court Rules of Judicial Administration Committee of The Florida Bar, any local bar associations, and any interested persons who made comments on the specific proposals to be considered. The Ssupreme Gcourt shall act on the proposals promptly after the recommendations are received or heard.
(E) If a local court rule is approved by the Ssupreme Gcourt, it shall become effective on the date set by theat Gcourt.
(F) A copy of all local court rules approved by the Ssupreme Gcourt shall be recorded by the clerk of the circuit court in each county of the circuit where the rules are effective. A set of the recorded copies shall be available for inspection as a public record. The chief judge of the circuit may provide for the publication of the rules. The clerk of the Ssupreme Gcourt shall furnish copies of each approved local court rule to the executive director of The Florida Bar, and upon request to any law book publisher.
(2) If-aAny judge or member of The Florida Bar who believes that an administrative order promulgated under subsee-tiondivision (b)(2) of this rule is a court rule or a local rule as defined in Rrule 2.020, rather than an administrative order, he may apply to the Supreme Court Local Rules Advisory Committee for a decision on the question. The decisions of the committee concerning the determination of the question shall be reported to the Ssupreme Gcourt, and the Gcourt shall follow the procedure set forth in subsectiondivision (D) above in considering the recommendation of the committee.
(3) All administrative orders of a general and continuing nature, and all others designated by the chief judge, shall be indexed and recorded by the clerk of the circuit court in each county where the orders are effective.
(4) All local court rules entered pursuant to this section shall be numbered sequentially for each respective judicial circuit.
(f) Duty to Rule Wwithin a Reasonable Time. Every judge has a duty to rule upon and announce hisan order or judgment on every matter submitted to himthat judge within a reasonable time. Each judge shall maintain a log of cases under advisement and inform the chief judge of hfethe circuit *476 at the end of each calendar month of each case that he-has been held under advisement for more than sixty60 days.
(g) Neglect of Duty. The failure of any judge, clerk, prosecutor, public defender, attorney, court reporter, or other officer of the court to comply with an order or directive of the chief judge shall be considered neglect of duty and shall be reported to the Cchief Jjustice of the Ssupreme Ccourt. The Cchief Jjustice may report the neglect of duty by a judge to the Judicial Qualifications Commission, and neglect of duty by other officials to the ^governor of Florida or other appropriate person or body.
RULE 2.055. SIZE OF PAPER
(a) All pleadings, motions, petitions, briefs, notices, orders, judgments, decrees, opinions, and other papers and official documents filed in any court shall be filed on recycled paper measuring 8V2 by 11 inches. For purposes of this rule, paper is recycled if it contains a minimum content of 50 percent waste paper. Xerographic reduction of legal-size (8V2 by 14 inches) documents to letter size (8V2 by 11 inches) is prohibited.
(b) Any exhibit or attachment filed with pleadings or papers may be filed in its original size.
(c) A IV2 inch square (IV2 by IV2 inches) in the upper right-hand corner of all papers filed shall be left blank for use by the clerk of court.
(d) No clerk of court shall refuse for filing any document or paper because of noncompliance with this rule. However, subsequent to January 1, 1991, upon request of the clerk of court, noncomplying documents shall be resubmitted in accordance with this rule.
(e) This rule shall become effective January 1, 19963. There shall be a ©sel-year transition period from January 1, 19963, to January 1, 19914, during which time documents which -heretofore-were accepted for filing on legal size (8Va-inehes by 14 inches) paper- will be accepted for filing on either legal- or letter-size paperwill be accepted for filing on either recycled or non-recycled paper. Effective January 1, 19914, all filings in any court must be in compliance with the recycled paper requirements of this rule. The requirements of this rule regarding the size of paper shall not be altered or affected by the transition period.
Court Commentary
1989 Adoptions. Rule 2.055 is new. This rule aligns Florida’s court system with the federal court system and the court systems of the majority of our sister states by requiring in subdivision (a) that all pleadings, motions, petitions, briefs, notices, orders, judgments, decrees, opinions, or other papers filed with any Florida court be submitted on paper measuring 8V2 by 11 inches. Subdivision (e) provides a ©nel-year transition period from the effective date of January 1,1996¿ to January 1, 1991, during which time filings whichthat traditionally have been accepted on legal-size paper will be accepted on either legal- or letter-size paper. The ©sel-year transition period was provided to allow for the depletion of inventories of legal-size paper and forms. The ©sel-year transition period was not intended to affect compliance with Florida Rule of Appellate Procedure 9.216(a)(l)i which requires that typewritten appellate briefs be filed on paper measuring 8V2 by 11 inches. Nor was it intended that the requirement of Florida Rule of Appellate Procedure 9.210(a)(1) that printed briefs measure 6 by 9 inches be affected by the requirements of subdivision (a).
Subdivision (b), which recognizes an exception for exhibits or attachments, is intended to apply to documents such as wills and traffic citations .which traditionally have not been generated on letter-size paper.
Subdivision (c) was adopted to ensure that a IV2 inch square at the top right-hand corner of all filings is reserved for use by the clerk of court. Subdivision (d) was adopted to ensure that all papers and documents submitted for filing will be considered filed on the date of submission regardless of paper size. Subdivision (d) also ensures that after the ©sel-year transition period of subdivision (e), filings whichthat are not in compliance with the rule are *477 resubmitted on paper measuring 8V2 by 11 inches.
This rule is not intended to apply to those instruments and documents presented to the clerk of the circuit court for recording in the Official Records under section 28.-222, Florida Statutes (1987). It is also not intended to apply to matters submitted to the clerk of the circuit court in histhe capacity as ex officio clerk of the board of county commissioners pursuant to article VIII, section (l)(d), Florida Constitution. RULE 2.060, ATTORNEYS
(a) Local Attorneys. All persons in good standing as members of The Florida Bar shall be permitted to practice in Florida.
(b) Foreign Attorneys. Attorneys of other states shall not engage in a general practice in Florida unless they are members of The Florida Bar in good standing. Upon verified motion filed with a court showing that an attorney is an active member in good standing of the bar of another state, attorneys of other states may be permitted to appear in particular cases in a Florida court. A requestmotion for anap-pearancepermission to appear shall be submitted with or before oral arguments in an appellate eouft proceeding and before trial in a-trial courtthe attorney’s initial personal appearance, paper, motion, or pleading. The motion shall state all jurisdictions in which the attorney is an active member in good standing of the bar and shall state the number of cases in which the attorney has filed a motion for permission to appear in Florida in the preceding 3 years. Attorneys of other states shall not do a general practice unless they are members of The Florida Bar in good standing.
(c) Clerks and Secretaries Not to Practice. No one serving as a research aide or secretary to a justice or judge of any court shall practice as an attorney in any court or before any agency of government while continuing in that position, nor participate in any manner in any proceeding that was docketed in the court during the term of service or prior thereto.
(d) Pleadings to Be Signed. Every pleading and other paper of a party represented by an attorney shall be signed by at least ©nel attorney of record in histhat attorney’s individual name whose address, telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida or who shall have received permission to appear in the particular case as provided in subsectiondivision (b). UeThe attorney may be required by the court to give the address of, and to vouch for histhe attorney's authority to represent, the party. Except when otherwise specifically provided by an applicable rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by faimthe attorney that faethe attorney has read the pleading or other paper; that to the best of histhe attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other paper had not been served.
(e) Party Not Represented by Attorney to Sign. A party who is not representsed himselfby an attorney shall sign faisany pleading or other paper and state histhe party’s address and telephone number, including area code.
(f) Attorney not to Be Surety. No attorneys or other officers of court shall enter himselfthemselves or be taken as bail or surety in any proceeding in court.
(g) Stipulations. No private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any force unless the evidence of it is in writing, subscribed by the party or histhe party’s attorney against whom it is alleged. Parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings, and agreements made at depositions that are incorporated in the transcript need not be signed when signing of the deposition is *478 waived. This rule shall not apply to settlements or other substantive agreements.
(h) Substitution of Attorneys. Attorneys for a party may be substituted at any time by order of court. No substitute attorney shall be permitted to appear in the absence of an order. The court may condition substitution upon payment of or security for the substituted attorney’s fee and expenses, or upon such other terms as may be just. The client shall be notified in advance of the proposed substitution and shall consent in writing to the substitution. The written consent shall be filed with the court.
(i) Withdrawal of Attorney. An attorney shall not be permitted to withdraw from an action unless the withdrawal is approved by the court. The attorney shall file a motion for that purpose stating the reasons for withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties. The motion shall be set for hearing and notice of hearing shall be served on the client and adverse parties.
(j) Addition of Attorneys. After a proceeding has been filed in a court, additional attorneys may appear without securing permission of the court. All additional attorneys so appearing shall file a notice of appearance with the court and shall serve a copy of the notice of appearance on all parties in the proceeding.
(k) Law Student Participation. Eligible law students shall be permitted, to participate as provided under the conditions of article-18 of the Integration-Rule ofchapter 11 of the Rules Regulating The Florida Bar as amended from time to time.
(l) Attorney as Agent of Client. In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the client¿ and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act of or notice to the client.
RULE 2.070. COURT REPORTING
(a)When Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported. Any proceeding shall be reported on the request of any party. The party so requesting shall pay the reporting fees, but this requirement shall not preclude the taxation of costs as authorized by law. Grand jury proceedings, upon order of the chief judge of the circuit, shall be reported; however, no transcription may be made unless required by an order of a court of competent jurisdiction.
(b) Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement. When a deposition is being reported, no part of the proceedings shall be omitted unless all of the parties and the witness so agree. When a party or a witness seeks to terminate or suspend the taking of a deposition for the time necessary to seek a court order, the court reporter shall discontinue reporting the testimony of the witness.
(c) Electronic Reporting.
(1) When theA chief judge who deems it appropriate or necessary may by administrative order authorize the use of electronic reporting for any judicial proceedings, including depositions, required to be reported. Appropriate procedures shall be prescribed in the order which shall:
(A) Sset forth responsibilities for the court’s support personnel to ensure a reliable record of the proceedings;
(B) Pprovide a means to have the recording transcribed, either in whole or in part, when necessary for an appeal or for further use in the trial court; and
(C) Rprovide for the safekeeping of such recordings.
The order shall be uniform in and for all courts throughout the territorial jurisdiction of the judicial circuit and shall be recorded.
(2) The presiding judge in a specific case, however, may require a stenographic reporter, if available, or either party may request or provide and pay for the cost of a *479 qualified stenographic reporter. The presiding judge shall determine the qualifications of a stenographic reporter who is not an official or deputy court reporter. When accepted by the court, such court reporter shall be subject to the orders of the court and directions to transcribe the record from all parties.
(d) Video- TapeVideotaped and Non-Stenographic Depositions. The judges of the circuit by majority vote may adopt an administrative order governing the use of video tapevideotaped depositions and authorizing that the testimony at a deposition be recorded by other than stenographic means for use in any court proceedings. The order shall designate the manner of recording, preserving, and filing of depositions, and may include other provisions to asensure that the recorded testimony will be accurate and trustworthy. The order shall, subject to the provisions of Rrule 1.280(c) of the Florida Rules of Civil Procedure, be automatically applicable upon the giving of notice of taking any video tapevh deotaped or non-stenographic deposition, but may be modified by the presiding judge upon the application of any party. The order shall be uniform in and for all courts throughout the territorial jurisdiction of the judicial circuit and shall be recorded.
(e) Fees. The circuit and county court judges of a judicial circuit by majority vote may set the maximum fees for court proceedings and depositions to be charged by court reporters by administrative order. The order shall be uniform in and for all courts throughout the territorial jurisdiction of the judicial circuit and shall be recorded. In the absence of an order, the fees for court proceedings and depositions to be charged by court reporters shall be as provided by law.
(f) Transcripts. Transcripts of all judicial proceedings, including depositions, shall be uniform in and for all courts throughout the state. The form size, spacing, and method of typing transcripts are as follows:
(1)All proceedings shall be typed or printed on paper 8½ inches by 11 inches in size, prepared for binding at the top or on the left margin.
(2) All margins, measured from the edge of the paper, shall be no more than ©sel inch from the top, no more than lVs inches at the left side and ⅜ inch at the right side for type or print of nine9 characters to the inch, and no more than 1 ¾ inches at the left side and ⅛ inch at the right side for type or print of teslO characters to the inch.
(3) There shall be no fewer than 25 typed or printed lines per page and all typing or printing shall be double spaced, with all lines numbered 1 through 25, respectively, and with no more than a double space between paragraphs.
(4) Type size or print shall be pica or comparable type or print of no fewer than nine9 or tenlO characters to the inch.
(5) Colloquy material shall begin on the same line following the identification of the speaker, with no more than tw©2 spaces between the identification of the speaker and the commencement of the colloquy. The identification of the speaker in colloquy shall begin no more than tenlO spaces from the left margin, and carry-over colloquy shall be indented no more than fiv©5 spaces from the left margin.
(6) Each question and answer shall begin on a separate line no more than fiv©5 spaces from the left margin with no more than five5 spaces from the “Q” or “A” to the text. Carry-over question and answer lines shall be brought to the left margin.
(7) Quoted material shall begin no more than tenlO spaces from the left margin with carry-over lines beginning no more than tenlO spaces from the left margin.
(8) Indentations of no more than tenlO spaces may be utilizedused for paragraphs, and all spaces on a line as herein provided shall be utilizedused unless the testimony of the speaker ends short of marginal requirements.
(9) One-line parentheticals may begin at any indentation. Parentheticals exceeding enel line shall begin no more than tenlO spaces from the left margin, with carry *480 over lines being returned to the left margin.
(10) Individual volumes of a transcript, including depositions, shall be no more than 200 pages in length, inclusive of the index.
(11) Deviation from these standards shall not constitute grounds for limiting use of transcripts in the trial or appellate courts.
(g) Compensation. Each official court reporter shall on a monthly basis certify to the chief judge of the circuit to which faethe reporter is appointed the number of hours’ service of the reporter and his or herthe reporter’s approved deputies in criminal and juvenile proceedings, excluding depositions, in circuit and county courts. Upon approval by the chief judge, such certification shall be submitted by the chief judge or histhe chief judge’s designee to the state courts administrator no later than the tenthlOth day of the following month.
(1) Each official circuit court reporter shall serve a maximum of sfety60 hours per month for which compensation by the State of Florida will be as provided by law.
(2) Minimum credit toward this sixty60 hours of two and one-half2V2 hours each day shall be given for first appearance in any court before the lunch recess and a minimum credit of two and — one-half2x/2 hours shall be given for first appearance after that recess. An hour-for-hour credit will be given for actual time spent in court exceeding five5 hours per day. The minimum credit formula shall apply on a daily basis throughout the entire reporting month, regardless of whether or not the total hours accumulated exceed sixty60.
(3) Any number of hours accumulated in addition to sixty60 by the formula set forth above shall be compensated at the rate of
(4) Each official circuit court reporter may accumulate credit for the services of any of his or — herthe reporter’s officially approved deputies in the same manner as if he-or-shethe reporter had performed these services personally.
(5) Each official circuit court reporter shall make his or herthe reporter’s certification to the chief judge of the circuit on forms provided by the state courts administrator. The forms shall be uniform in and for all judicial circuits throughout the state.
(h) Reporter as Officer of Court. A court reporter, whether an official court reporter or not, is an officer of the court for all purposes while acting as a reporter in a judicial proceeding or discovery proceeding. The court reporter shall comply with all rules and statutes governing the proceeding that are applicable to court reporters.
Rule 2.071. USE OF COMMUNICATION EQUIPMENT
(a) Definition. Communication equipment means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other, provided that all conversation of all parties is audible to all persons present.
(b) Use by all Parties. A county? or circuit or district court judge may, upon the Ccourt’s own motion or upon the written request of a party, direct that communication equipment be used for a motion hearing, pretrial conference, or a status conference. A judge must give notice to the parties and consider any objections they may have to the use of communication equipment before directing that communication equipment be used. The decision to use communication equipment over the objection of parties will be in the sound discretion of the trial court, except as noted below.
(c) Use Only by Requesting Party. A county or circuit court judge may, upon the written request of a party upon reasonable notice to all other parties, permit a requesting party to participate through communication equipment in a scheduled motion hearing; however, any such request (except in criminal, delinquency, and appellate proceedings) must be granted, absent a showing of good cause to deny the same, where the hearing is set for not longer than 15 minutes.
(ed) Testimony. A county or circuit court judge may, with the consent of all the *481 parties, direct that the testimony of a witness be taken through communication equipment. In juvenile and criminal proceedings the defendant must make an informed waiver of any confrontation rights that may be abridged by the use of communication equipment.
(de) Burden of Expense. The cost for the use of the communication equipment is the responsibility of the movingrequesting party unless otherwise directed by the Ocourt.
RULE 2.075. RETENTION OF COURT RECORDS "
(a) Definitions. The following definitions apply to this rule:
(1) “Court records" mean the contents of the court file, depositions filed with the clerk, transcripts, exhibits in the custody of the clerk, and electronic, video tapevideo, and stenographic tapes of depositions or other proceedings.
(2) “After a judgment has become final” means:
(A) when a final order, final judgment, final docket entry, final dismissal, or nolle prosequi has been entered as to all parties, no appeal has been taken,, and the time for appeal has expired; or
(B) when a final order, final judgment or final docket entry has been entered, an appeal has been taken, the appeal has been disposed of, and the time for any further appellate proceedings has expired.
(b) Required Consent. Disposal of court records under this rule is subject to obtaining any consent required by law from the Division of Archives, History and Records Management.
(c) Microfilmed Records. Court records, except exhibits, that have been microfilmed in accordance with standards adopted by the Division of Archives, History and Records Management may be destroyed or otherwise disposed of by the clerk at any time after a judgment has become final.
(d) Records Not Microfilmed. No court records under this subdivision shall be destroyed or disposed of until the final order, final docket entry, or final judgment is microfilmed for, or recorded^ in, the public records. The time periods shall not apply to any action in which the court orders the court records to be kept until the court orders otherwise. When an order is entered to that effect, the progress docket and the court file shall be marked by the clerk with a legend showing that the court records are not to be destroyed or disposed of without a further order of court. Any person may apply for an order suspending or prohibiting destruction or disposition of court records in any proceeding. Court records, except exhibits, that are not microfilmed may be destroyed or disposed of by the clerk at the times prescribed below after a judgment has become final:
(1) Sixty days — Parking tickets and non criminalnoncriminal traffic infractions after required audits have been completed.
(2) Two years — Proceedings under the Small Claims Rules- of -Summary Proee-dure, Medical Mediation Proceedings.
(3) Five years — Misdemeanor actions, criminal traffic violations, ordinance violations, civil litigation proceedings in county court other than those under the Small Claims Rules- of Summary — Procedure, and civil proceedings in circuit court except marriage dissolutions and adoptions.
(4) Ten years — Probate, guardianship, and mental health proceedings.
(5) Ten years — Felony cases in which no information or indictment was filed or in which all charges were dismissed, or in which the state announced a nolle prosequi, or in which the defendant was adjudicated not guilty.
(6) Seventy-five years — Juvenile proceedings containing an order permanently depriving a parent of custody of a child, and adoptions, and all felony cases not previously destroyed.
(7) Kept permanently — Progress dockets and their indices.
(8) Juvenile proceedings not otherwise provided for in this subdivision shall be kept for five5 years after the last entry or until the child reaches the age of majority, whichever is later.
*482 (9) Marriage dissolutions — Ten years from the last record activity. The court may authorize destruction of those court records not involving alimony, support or custody of children #⅜⅜5 years from the last record activity.
(e) Court Reporters’ Notes. Court reporters or persons acting as court reporters for judicial or discovery proceedings shall retain the original notes or electronic records erof the proceedings or depositions until the times specified below:
(1) Two years from the date of preparing the transcript — Judicial proceedings, arbitration hearingSj and discovery proceedings when an original transcript has been prepared.
(2) Ten years — Judicial proceedings in felony cases when a transcript has not been prepared.
(3) Five years — All other judicial proceedings, arbitration hearings^ and discovery proceedings when a transcript has not been prepared.
When an agreement has been made between the reporter and any other person and the person has paid the reasonable charges for storage and retention of the notes, the notes or records shall be kept for any longer time agreed on. All reporters’ notes shall be retained in a secure place in Florida.
(f) Exhibits.
(1) Exhibits — ⅛—Criminal—Proceedings, Exhibits in criminal proceedings shall be disposed of as provided by law.
(2) All other exhibits shall be retained by the clerk until ninety90 days after a judgment has become final. If an exhibit is not withdrawn pursuant to subdivision (h) within ninety90 days, the clerk may destroy or dispose of the exhibits after giving the parties or their attorneys of record thirtygO days’ notice of the clerk’s intention to do so. Exhibits shall be delivered to any party or attorney of record calling for them during the thirty80-day time period.
(g) Disposition Other Than Destruction. Before destruction or disposition of court records under this rule, any person may apply to the court for an order requiring the clerk to deliver the court records that are to be destroyed or disposed of to the applicant. All parties and the Division of Archives, History and Records Manage-ment2 shall be given notice of the application by the applicant. The court shall dispose of that court record as appropriate.
(h) Release of Court Records. This rule does not limit the power of the court to release exhibits or other parts of court records that are the property of the person or party placing the items in the court records initially. The court may require copies to be substituted as a condition to releasing the court records under this subdivision.
(i) Right to Expunge Records. Nothing in this rule shall affect the power of the court to order records expunged.
(j) Sealed Records. No record which has been sealed from public examination by order of court shall be destroyed without hearing after such notice as the court shall require.
RULE 2.080. UNIFORM CASE REPORTING SYSTEM FOR TRIAL COURTS
(a) Reporting. The clerk of the circuit court shall report the activity of all cases before all courts within faisthe clerk’s jurisdiction to the Ssupreme Ccourt in the manner and on the forms established by the office of the state courts administrator and approved by order of the Ccourt. In those jurisdictions where separate offices of the clerk of the circuit court and clerk of the county court have been established by law, the clerk of the circuit court shall report the activity of all cases before the circuit court, and the clerk of the county court shall report the activity of all cases before the county court.
(b) Uniform Case Numbering System.
(1) The clerk of the circuit court and the clerk of the county court, where that separate office exists, shall utilizeuse the Uniform Case Numbering System. The uniform case number shall appear upon the case file, the docket and minute books (or their electronic equivalent), and the complaint.
*483 (2)The office of the state courts administrator shall distribute to the respective clerks of the circuit and county courts appropriate instructions regarding the nature and use of the Uniform Case Numbering System.
(c) Major Statutory Offense. Law enforcement officers, at the time of the filing of a complaint with the clerk of court, shall designate whether the most serious charge on the complaint is a felony or a misdemeanor. The state attorney or histhe state attorney’s designee, at the time of the filing of an original information or an original indictment with the clerk of court, shall designate whether the most serious offense on the information or the indictment is a felony or misdemeanor. Complaints, original informations, and original indictments on which the most serious charge is a felony shall be filed with the clerk of the circuit court.
(d) Ordinance Violations. In those cases when the state attorney has the responsibility for the prosecution of county or municipal ordinance violations, where such ordinances have state statutory equivalents, the state attorney or histhe state attorney’s designee shall set forth at the top of the face of the accusatory instrument the exact statute number of the single most serious offense charged.
(e) Information or Indictment Aafter County Court Proceedings Begun. When action in a criminal case has been initiated in county court, and subsequently the state attorney files a direct information or the grand jury indicts the defendant, the state attorney or histhe state attorney's designee shall notify the clerk without delay. RULE 2.085. TIME STANDARDS FOR TRIAL AND APPELLATE COURTS
(a) Purpose. Judges and lawyers have a professional obligation to conclude litigation as soon as it is reasonably and justly possible to do so. However, parties and counsel shall be afforded a reasonable time to prepare and present their case.
(b) Case Control. The trial judge shall take charge of all cases at an early stage in the litigation and shall control the progress of the case thereafter until the case is determined. The trial judge shall take specific steps to monitor and control the pace of litigation, including the following:
(1) Aassuming early and continuous control of the court calendar;
(2) {identifying cases subject to alternative dispute resolution processes;
(3) ©developing rational and effective trial setting policies; and
(4) Ugiving older cases and cases of greater urgency priority in trial settings.
(c) Continuances. All judges shall apply a firm continuance policy. Continuances should be few, good cause should be required, and all requests should be heard and resolved by a judge. All motions for continuance shall be in writing unless made at a trial and, except for good cause shown, shall be signed by the party requesting the continuance.
(d) Time Standards. The following time standards are hereby established as a presumptively reasonable time period for the completion of cases in the trial and appellate courts of this state. It is recognized that there are cases that, because of their complexity, present problems that cause reasonable delays. However, most cases should be completed within the following time periods:
(1) Trial Court Time Standards^
(A) Criminal.
Felony — 180 days (arrest to final disposition)
Misdemeanor — 90 days (arrest to final disposition)
(B) Civil.
Jury cases — 18 months (filing to final disposition)
Non-jury cases — 12 months (filing to final disposition)
Small claims — 95 days (filing to final disposition)
(G) Domestic Relations.
Uncontested — 90 days (filing to final disposition)
Contested — 180 days (filing to final disposition)
*484 Temporary support and enforcement of support hearings — 14 days (from day of request)
(D) Probate.
Uncontested, no federal estate tax return — 12 months filing (from issuance of letters of administration to final discharge)
Uncontested, with federal estate tax return — 12 months (from the return’s due date to final discharge)
Contested, or federal estate tax-return— 24 months (from filing to final discharge)
(E) Juvenile.
Detention hearings — 24 hours (arrest to hearing)
Adjudicatory hearing (dependency) — 180 days (filing of petition to final disposition)
Adjudicatory hearing (delinquency) — 90 days (filing of petition to final disposition)
Adjudicatory hearing (child detained) — 21 days (filing of petition to hearing)
(2) Supreme Court and District Courts of Appeal Time Standards: Rendering a decision — within 180 days of either oral argument or the submission of the case to the court panel for a decision without oral argument
(3) Florida Bar Referee Time Standards: Report of referee — within 180 days of being assigned to hear the case
(4) Circuit Court Acting as Appellate Court:
Ninety days from submission of the case to the judge for review
(e) Reporting of Cases. The time standards require that the following monitoring procedures be implemented:
(i)-All pending cases in circuit and district courts of appeal exceeding the time standards shall be listed separately on a report submitted quarterly to the Cchief Jjustice. The report shall include for each case listed? the case number, type of case, case status (active or inactive for civil cases and contested or uncontested for domestic relations and probate cases), the date of arrest in criminal cases, and the original filing date in civil cases. The Office of the State Courts Administrator will provide the necessary forms for submission of this data. The report will be due on the 15th day of the month following the last day of the quarter.
RULE 2.090. ELECTRONIC FILING OF MATTERS IN ALL PROCEEDINGS WITHIN THE STATE COURTS SYSTEM
Any document may be filed with any court by an electronic copying device. The place of filing shall be deemed to be the place where the transmission is received. The document made at the receiving station shall be deemed the original filing and shall be so marked. The receiving party shall sign the document as having been received and filed by himthat party. The original document shall thereafter be transmitted to the appropriate court. The sending party, if an official of the Florida Sstate Ccourts Ssystem, shall collect from the party wishing to file electronically two dollars$2 for the first page of any transmission and one dollarfl for each page thereafter, plus any long distance telephone charges. The money shall be posted to the JudiclalJustice Administrative Commission or to the agency specified by law on a monthly basis to help defray the cost of renting or purchasing the transmission equipment. Any official of the Florida Sstate Ccourts Ssystem who believes there is justification in histhat official’s office for use of transmitting equipment shall submit a letter of justification through the clerk and the chief judge of the appropriate court with which faethat official is primarily dealing to the Ssupreme Ccourt. The Ssu-preme Ccourt shall approve or disapprove the use. Upon designation by the appropriate clerk of court and approval of the Ssu-preme Ccourt, the official may accept documents for electronic transmission and filing. This rule is not intended to preclude the transmission by privately leased electronic devices to approved offices.
RULE 2.100. STATEWIDE GRAND JURY: COMPILATION OF LISTS;; EX-CUSAL OF PROSPECTIVE JURORS
(a) Procedure. The chief judge of each judicial circuit shall cause a list of those persons whose names have been drawn and certified for jury duty in each of the coun *485 ties within hfcthat circuit to be compiled. The lists shall be taken from the male and female population over the age of eigh-tee»18 years and having the other constitutional and statutory qualifications for jury duty in this state not later than the last day of the first week of December of each year. From the lists so compiled, the chief judge shall cause to be selected, by lot and at random, and by any authorized method including mechanical, electronic, or electrical device, a list of prospective grand jurors from each county whose number shall be determined on the basis of threeg jurors for each 3,000 residents or a fraction thereof in each county. The lists from which the names are drawn may be, but are not required to be, the same lists from which petit and grand juries are drawn in each county and circuit. After compilation, the statewide grand jury lists shall be submitted to the state courts administrator not later than February 15 of each year.
(b) Population. For the purposes of this rule, the population of each county shall be in accordance with the latest United States Decennial Census as set forth in the Florida Statutes.
(c) Excuses.
(1) The judge appointed to preside over the statewide grand jury may issue an order appointing the chief judge of the judicial circuit where a prospective grand juror resides to determine whether service on the statewide grand jury will result in an unreasonable personal or financial hardship because of the location or projected length of the grand jury investigation.
(2) The chief judge of the circuit shall determine whether a prospective grand juror fails to meet the qualifications of a juror in the county where the person resides. The determination shall be made only for those prospective grand jurors who contact the chief judge and request disqualification.
(3) The chief judge of the circuit shall excuse any prospective grand juror who requests and is qualified for exemption from grand jury service pursuant to general law, or from service as a juror in the county where, the person resides. The chief judge shall inform the judge appointed to preside over the statewide grand jury without delay of any determination.
RULE 2.110. ADMINISTRATION OF MUNICIPAL" ORDINANCE VIOLATIONS
(a) References to Abolished Municipal Courts. All references to a municipal court or municipal judge in rules promulgated by the supreme court, in the Florida Statutes, and in any municipal ordinance? shall be deemed to refer, respectively, to the county court or county court judge.
(b) Costs in County Courts. The chief judge of a circuit shall by administrative order establish a schedule of costs, in conformity with any provisions of law, to be assessed against a defendant in the county court and paid to the county for violations of municipal ordinances which are prosecuted in county court. The costs shall be assessed as a set dollar amount per conviction, not to exceed fifty-dollars$50 including any other statutory costs.
(c) Collection of Outstanding Fines. All cases for which outstanding fines, civil penalties, and costs are being collected by a municipality shall be retained by the municipality until collected or until the offender defaults on payment. If a default occurs, the municipality may institute summary claims proceedings to collect the outstanding fines.
(d) Judicial Notice of Municipal Ordinances. The judges of the county courts may take judicial notice of any municipal ordinance if a certified copy of the ordinance has been filed in the office of the clerk of circuit court or, in those counties having a clerk of the county court, filed in the latterthat office, and if a certified copy of the ordinance is presented to the court.
(e) Style of Municipal Ordinance Cases. All prosecutions for violations of municipal ordinances in county court shall have the following style: City of . v.
*486 RULE 2.120. CONFERENCE OF COUNTY COURT'JUDGES
(a) Creation. There shall be a “Conference of County Court Judges of Florida,” consisting of the duly commissioned county court judges of the State of Florida.
(b) Purpose. The purpose of the conference shall be:
(1) Tthe betterment of the judicial system of the Sstate;
(2) Tthe improvement of procedure and practice in the several courts; and
(3) Tto conduct conferences and institutes for continuing judicial education and to provide forums in which the county court judges of Florida may meet and discuss mutual problems and solutions.
(c) Officers. Management of the conference shall be vested in the officers of the conference, an executive committee, and a board of directors.
(1) The officers of the conference shall be:
(A) the ^president, president-elect, immediate past president, secretary, and treasurer, who shall be elected at large7; and
(B) Gone vice-president elected from each appellate court district.
(2) The executive committee shall consist of the officers of the conference and an executive secretary.
(3) The board of directors shall consist of the executive committee and a member elected from each judicial circuit.
(4) There shall be an annual meeting of the conference.
(5) Between annual meetings of the conference, the affairs of the conference shall be managed by the executive committee.
(d) Authority. The conference may adopt a constitution and by-laws, the provisions of which shall not be inconsistent with this rule.
RULE 2.125, JUDICIAL COUNCIL
(a) Creation and Responsibilities. There is hereby created the Judicial Council of Florida which shall be charged with the following responsibilities:
(1) Tto study and review the organization, procedure, administration, and operation of the courts of this states
(2) Tto receive and consider, in its discretion, criticisms and suggestions from any source pertaining to the administration of the courts*;
(3) Tto recommend, from time to time, changes in the organization, jurisdiction, operation, procedure, and methods of conducting the business of the courts that would simplify and expedite or otherwise improve the administration of justice-; and
(4) Tto recommend means and methods to implement its recommendations, whether by administrative action, administrative order, court rule, or legislative act.
(b) Membership.
(1) The Judicial Council of Florida shall be composed of the chief justice, or a justice of the Supreme Court of Florida designated by faimthe chief justice, who shall be the presiding officer of the council, with the remaining members of the council composed of the following:
(A) three district court of appeal judges, ©nel of whom shall be the president of the Florida Conference of District Court of Appeal Judges;
(B) three circuit judges, ©nel of whom shall be the chairman of the Florida Conference of Circuit Judges;
(C) three county court judges, ©nel of whom shall be the president of the Conference of County Court Judges of Florida;
(D) one state attorney;
(E) one public defender;
(F) one clerk of the court;
(G) four members of The Florida Bar, ©nel of whom shall be the president of The Florida Bar;
(H) six public members;
(I) the ^president of the Florida Senate or a senator designated by the ^president;
(J) the Sspeaker of the Florida House of Representatives or a representative designated by the Sspeaker;
(K) the Ggeneral Ccounsel of the Ggo-vernor or a member of the Ggovernor’s legal staff designated by the Ggovernor; and
*487 (L) the Aattorney ©general or a member of the Aattorney ©general's legal staff designated by the Aattorney ©general.
(2) The chief justice, with the advice of the members of the supreme court, shall appoint the original members of the council, who shall serve until January 1, 1986. All appointments thereafter shall be made as follows:
(A) ©one judge of a district court of appeal to be selected by the Florida Conference of District Court of Appeal Judges for a term of tw©2 years-, and ©sel judge of a district court of appeal to be selected by the Florida Conference of District Court of Appeal Judges for a term of four4 years,;
(B) Tthe president of the Florida Conference of District Court of Appeal Judges£ who shall be a member of the council for the term of his or herthat president’s office,;
(C) ©one judge of a circuit court to be selected by the Florida Conference of Circuit Judges for a term of two2 years,¿ and ©nel judge of a circuit court to be selected by the Florida Conference of Circuit Judges for a term of four! years,;
(D) Tthe chairman of the Florida Conference of Circuit Judges, who shall be a member of the council for the term of his or herthat chair’s office,;
(E) ©one judge of a county court to be selected by the, Conference of County Court Judges of Florida for a term of tw©2 years,; and ©nel judge of a county court to be selected by the Conference of County Court Judges of Florida for a term of four4 years,;
(F) Tthe president of the Conference of County Court Judges of Florida, who shall be a member of the council for the term of his or- herthat president’s office,;
(G) Ttwo members of tThe Florida Bar to be selected by the Bboard of ©governors of tThe Florida Bar for terms of tw©2 years,; and ©nel member of tThe Florida Bar to be selected by the Bboard of ©governors for a term of fem?4 years,;
(H) Tthe president of tThe Florida Bar, who shall be a member of the council for the term of his or herthat president’s office,;
(I) ©one state attorney to be selected by the Florida Prosecuting Attorneys Association for a term of £©ur4 years,;
(J) ©one public defender to be selected by the Florida Public Defenders Association for a term of four4 years,;
(K) ©one clerk of the court to be selected by the Court Clerks Association for a term of tw©2 years,; and
(L) Ssix public members, who are not actively engaged in the legal profession, including individuals who have demonstrated experience in fields of administration and management, who shall be appointed by the chief justice with the advice of the supreme court as follows: Three3 shall be appointed for terms of tw©2 years and threeg shall be appointed for terms of four4 years.
(c) Terms. The terms of all appointed members after the above terms have been completed shall be for a period of four4 years1 except in case of a vacancy the appointment shall be made to fill the unexpired term.
(d) Meetings. The council shall establish a regular meeting schedule and shall meet at least quarterly each year and shall annually file a report with the supreme court. RULE 2.130. PROCEDURE FOR AMENDING RULES
(a) Emergency Amendments. The Ssu-preme ©court, with or without notice, may change court rules at any time if an emergency exists that does not permit reference to the appropriate committee of The Florida Bar for recommendations. If a change is made without reference to the committee, the change may become effective immediately or at a future time. In either event, the ©court shall fix a date for further consideration of the change. Any person may file comments concerning the change, seeking its abrogation or a delay in the effective date. The ©court may allow oral argument in support of such comments by The Florida Bar, by its sections and committees, and by other bar associations.
*488 (b) Amendments Generally. The following procedure shall be followed for consideration of rule amendments generally other than those adopted under subdivisions (a), (e), and (fb:
(1) Proposals for court rules, amendments to them, or abrogation of them may be made by any person.
(2) Proposals shall be submitted to the clerk of the Ssupreme Ccourt in writing and shall include a general description of the proposed rule change or a specified proposed change in content. The clerk of the Ssupreme Ccourt shall refer proposals to the appropriate committee under subdivision (b)(3).
(3) The Florida Bar shall appoint the following committees to consider rule proposals: Civil Procedure Rules Committee, Criminal Procedure Rules Committee, Summary ProcedureSmall Claims Rules Committee, Traffic Court Rules Committee, Appellate ProcedureCourt Rules Committee, Juvenile ProcedureCourt Rules Committee, Code and Rules of Evidence Committee, Rules of Judicial Administration Rules Committee, Probate and — Guardianship Rules Committee, and Workers’ Compensation Rules Committee.
(4) Each committee shall be composed of attorneys and judges with extensive experience and training in the area of practice of the committee calling for regular, frequent use of the rules. The members of the committee shall serve for three yearsg^ year staggered terms. The Pgresident of The Florida Bar shall appoint the chairman and vice chairman of each committee.
(5) The Rules of Judicial Administration Rules Committee shall also serve as a Rrules Coordinating Committee. Each rules committee shall have at least enel of its members appointed to the Rules of Judicial Administration Rules Committee to serve as liaison. All proposed rules changes shall be submitted to the Rules of Judicial Administration Rules — Committee^ which shall then refer all proposed rules changes to those rules committees that might be affected by the proposed change. All proposed changes shall be submitted by June 30 of each year of the rules cycle.
(6)The committees shall consider and vote on each proposal. The committees may originate proposals and are charged with the duty of regular review and reevaluation of the rules to advance orderly and inexpensive procedures in the administration of justice. The committees may accept or reject proposed amendments or may amend proposals. The committees shall keep minutes of their activities, which minutes shall reflect the action taken on each proposal. Copies of the minutes shall be furnished to the clerk of the Ssupreme Ccourt, to the Bboard of Ggovernors of The Florida Bar, to the Supreme Court of Florida, and to the proponent of any proposal considered at the meeting.
(c) Schedule for Rule Proposals.
(1) Every feur4 years commencing on or before September 1, 1983no later-than October 1 or such other date as the board of governors of The Florida Bar may set (with the first cycle starting in 1983), each committee shall report all proposed rule changes to the Bboard of Ggovernors of The Florida Bar with the committee’s final numerical voting record on each proposal.
(2) On or before March 1, 1984, and eEv-ery four4 years thereafterno later than March 1, the Bboard of Ggovernors shall consider the proposals and shall vote on each proposal to recommend acceptance, rejection, or amendment.
(3) On or before April 1, 1984,-and-eEv-ery four4 years thereafterno later than April 1, each committee shall file a report of its proposed rule changes with the Ssu-preme Gcourt. Each committee may amend its recommendations to coincide with the recommendations of the Bboard of Ggovernors of The Florida Bar or may decline to do so or may amend its recommendations in another manner. Any such amendments shall also be reported to the Ssupreme Ccourt. The report shall include the final numerical voting record of the proposals in the committee and a report of the action and voting record feof the Bboard of Ggovernors of The Florida Bar.
(4) The Ssupreme Gcourt shall establish a date during the month of May or June for *489 oral argument on the proposals. Notice of the hearing on the proposals and a copy of the proposals shall be furnished to the affected committee chairman and vice chairman, the Eexecutive ©director of The Florida Bar, and any person who has asked in writing filed with the clerk of the Ssu-preme ©court for a copy of the notice. The recommendations or a resume of them shall be published in the Florida Bar Journal or Florida Bar News before the hearing. Notice of the hearing shall also be published in the Florida Bar Journal or Florida Bar News. Before the date of oral argument, any person may file comments concerning the proposals with the clerk of the Ssupreme ©court. The Ssupreme ©court may hear oral argument from any person and shall hear oral argument on behalf of The Florida Bar, any bar association, and the affected committee.
(5) Orders of the Ssupreme ©court on said proposals should be adopted in sufficient time to take effect on January 1 of the following year. The Ssupreme ©court may permit Mmotions for Rrehearing to be filed on behalf of any person, The Florida Bar, any bar association, and the affected committee.
(d) Rejected Proposals. If a committee rejects a proposal, the proponent may submit the proposed rule to the Bboard of ©governors and shall notify the chairman and vice chairman of the affected committee of the submission of the proposed rule to the Bboard of ©governors. Minority reports of committees are allowed and may be submitted to both the Bboard of ©governors and the Ssupreme ©court.
(e) Emergency Recommendation by Committee. If, in the opinion of a committee, a proposal is of an emergency nature, and the Bboard of ©governors concurs, proposals may be made at any time to the Ssupreme ©court. If the ©court agrees that an emergency exists, the ©court may set a time for oral argument and consideration of the proposal.
(f) Request by Court. The Ssupreme ©court may direct special consideration of a proposal at times other than those specified in this rule and may require a committee to report its recommendation with the recommendations of the Bboard of ©governors-ef The Florida — Bar. The Ssupreme ©court may set oral argument on the report at any time.
(g) Local Rules Proposed by Trial Courts. The foregoing procedure shall not apply to local rules proposed by a majority of circuit and county judges in the circuit. The ©chief Jjustice of the Ssupreme ©court may appoint a Local Rule Advisory Committee to consider and make recommendations to the court concerning local rules and administrative orders submitted pursuant to Florida Rule of Judicial Administration Rule 2.050(e).
Committee Notes
1980 Amendments. Rule 2.130 is entirely rewritten to codify the procedures for changes to all Florida rules of procedure as set forth by this court in In re Rules of Court: Procedure for Consideration of Proposals Concerning Practice and Procedure, 276 So._2d 467 (Fla._1972), and to update those procedures based on current practice. The Supreme Court Rules Advisory Committee has been abolished, and the Local Rules Advisory Committee has been established.
RULE 2.140. JUDICIAL DISCIPLINE, REMOVAL, RETIREMENT, AND SUSPENSION
(a) Filing. Any recommendations to the Ssupreme ©court from the Judicial Qualifications Commission pursuant to Aarticle V, Ssection 12, of the Florida Constitution shall be in writing. The original and seven^ copies shall be filed with the clerk of the ©court, and a copy shall be served expeditiously on the justice or judge against whom action is sought.
(b) Procedure.
(1) Promptly upon the filing of a recommendation from the ©commission, the ©court shall determine whether the ©commission’s recommendation complies with all requirements of the ©constitution and the ©commission’s Rrules. Upon determining that the recommendation so complies, and unless the ©court otherwise directs, an order shall issue directing the justice or *490 judge to show cause in writing why the recommended action should not be taken.
(2) The justice or judge may file a response in writing within the time set by the Ceourt in its order to show cause, and the ^commission may serve a reply within 20 days from service of the response.
(3) If requested by the ^commission, or by a justice or judge at the time of filing a response, the Ceourt may allow oral argument on the Ceommission’s recommendation.
RULE 2.150. CONTINUING JUDICIAL EDUCATION
(a) Purpose and Effective Date. This rule sets forth the continuing education requirement for all judges in the state judicial system.
(b) Education Requirements.
(1) Applicability. All Florida county, circuit, and appellate judges and Florida supreme court justices shall comply with these judicial education requirements. Retired judges who have been approved by the supreme court to be assigned to temporary active duty as authorized by section 25.073, Florida Statutes (198591), shall also comply with the judicial education requirement.
(2) Minimum Requirements. Each judge and justice shall complete a minimum of thirty-(30) credit hours of approved judicial education programs every three (3) years. Two (2)-hours must be in the area of judicial ethics. In addition to the thfe-ty30-hour requirement, every judge new to a level of trial court must complete the Florida Judicial College program in his-or herthat judge’s first year of judicial service following selection to that level of court; every new appellate court judge or justice must, within tw©2 years following selection to that level of court, complete an approved appellate-judge program. Credit for teaching a course for which mandatory judicial education credit is available will be allowed on the basis of two and- one-haIf-(2.5)2x/2 hours’ credit for each instructional hour taught, up to a maximum of five-(5) hours per year.
(c) Course Approval. The Florida Court Education Council, in consultation with the judicial conferences, shall develop approved courses for each state court jurisdiction. Courses offered by other judicial and legal education entities must be approved by the Ccouncil before they may be submitted for credit.
(d) Waiver. The Florida Court Education Council is responsible for establishing a procedure for considering and acting upon waiver and extension requests on an individual basis.
(e) Reporting Requirements and Sanctions. The Florida Court Education Council shall establish a procedure for reporting annually to the chief justice on compliance with this rule. Each judge shall submit to the Legal Affairs and Education Division of the Office of the State Courts Administrator an annual report showing his — or berthe judge’s attendance at approved courses. Failure to comply with the requirements of this rule will be reported to the chief justice of the Florida supreme court for such administrative action as deemed necessary. The chief justice may consider a judged or justice’s failure to comply as neglect of duty and report the matter to the Judicial Qualifications Commission.
RULE 2.160. DISQUALIFICATION OF TRIAL JUDGES
(a) Application. This rule applies only to county and circuit judges in all matters in all divisions of court.
(b) Parties. Any party, including the state, may move to disqualify the trial judge assigned to the case on grounds provided by rule, by statute, or by the Code of Judicial Conduct.
(c) Motion. A motion to disqualify shall be in writing and specifically allege the facts and reasons relied on to show the grounds for disqualification and shall be sworn to by the party by signing the motion under oath or by a separate affidavit. The attorney for the party shall also separately certify that the motion and the client’s statements are made in good faith.
*491 (d) Grounds. A motion to disqualify shall show:
(1) that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge; or
(2) that the judge before whom the case is pending, or some person related to said judge by consanguinity or affinity within the third degree, is a party thereto or is interested in the result thereof, or that said judge is related to an attorney or counselor or record in the cause by consanguinity or affinity within the third degree, or that said judge is a material witness for or against one of the parties to the cause.
(e) Time. A motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling. Any motion for disqualification made during a trial must be based on facts discovered during the trial and may be stated on the record and shall also be filed in writing in compliance with subdivision (c). Such trial motions shall be ruled on immediately.
(f) Determination — Initial Motion. The judge against whom an initial motion to disqualify under subdivision (d)(1) is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.
(g) Determination — Successive Motions. If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision (d)(1), a successor judge shall not be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case. Such a successor judge may pass on the truth of the facts alleged in support of the motion.
(h) Prior Rulings. Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.
(i) Judge’s Initiative. Nothing in this rule limits the judge’s authority to enter an order of disqualification on the judge's own initiative.
RULE 2.170. STANDARDS OF CONDUCT AND TECHNOLOGY GOVERNING ELECTRONIC MEDIA AND STILL PHOTOGRAPHY COVERAGE OF JUDICIAL PROCEEDINGS
(a) Equipment and Personnel.
(1) Not more than 1 portable television camera (film camera — 16mm sound on film (self blimped) or videotape electronic camera), operated by not more than 1 camera person, shall be permitted in any trial court proceeding. Not more than 2 television cameras, operated by not more than 1 camera person each, shall be permitted in any appellate court .proceeding.
(2) Not more than 1 still photographer, using not more than 2 still cameras with not more than 2 lenses for each camera and related equipment for print purposes, shall be permitted in any proceeding in a trial or appellate court.
(3) Not more than 1 audio system for radio broadcast purposes shall be permitted in any proceeding in a trial or appellate court. Audio pickup for all media purposes shall be accomplished from existing audio systems present in the court facility. If no technically suitable audio system exists in the court facility, microphones and related wiring essential for media purposes shall be unobtrusive and shall be located in places designated in advance of any proceeding by the chief judge of the judicial circuit or district in which the court facility is located.
*492 (4) Any “pooling” arrangements among the media required by these limitations on equipment and personnel shall be the sole responsibility of the media without calling upon the presiding judge to mediate any dispute as to the appropriate media representative or equipment authorized to cover a particular proceeding. In the absence of advance media agreement on disputed equipment or personnel issues, the presiding judge shall exclude all contesting media personnel from a proceeding.
(b) Sound and Light Criteria.
(1) Only television photographic and audio equipment that does not produce distracting sound or light shall be used to cover judicial proceedings. Specifically, such photographic and audio equipment shall produce no greater sound or light than the equipment designated in the Appendix to this rule, when such designated equipment is in good working order. No artificial lighting device of any kind shall be used in connection with the television camera.
(2) Only still camera equipment that does not produce distracting sound or light shall be used to cover judicial proceedings. Specifically, such still camera equipment shall produce no greater sound or light than a 35mm Leica “M” Series Rangefinder camera, and no artificial lighting device of any kind shall be used in connection with a still camera.
(3) It shall be the affirmative duty of media personnel to demonstrate to the presiding judge adequately in advance of any proceeding that the equipment sought to be used meets the sound and light criteria enunciated in this rule. A failure to obtain advance judicial approval for equipment shall preclude its use in any proceeding.
(c) Location of Equipment Personnel.
(1)Television camera equipment shall be positioned in such location in the court facility as shall be designated by the chief judge of the judicial circuit or district in which such facility is situated. The area designated shall provide reasonable access to coverage. If and when areas remote from the court facility that permit reasonable access to coverage are provided, all television camera and audio equipment shall be positioned only in such area. Videotape recording equipment that is not a component part of a television camera shall be located in an area remote from the court facility.
(2) A still camera photographer shall position himself or herself in such location in the court facility as shall be designated by the chief judge of the judicial circuit or district in which such facility is situated. The area designated shall provide reasonable access to coverage. Still camera photographers shall assume a fixed position within the designated area and, once established in a shooting position, shall act so as not to call attention to themselves through further movement. Still camera photographers shall not be permitted to move about in order to obtain photographs of court proceedings.
(3) Broadcast media representatives shall not move about the court facility while proceedings are in session, and microphones or taping equipment once positioned as required by subdivision (a)(3) shall not be moved during the pendency of the proceeding-
id) Movement during Proceedings. News media photographic or audio equipment shall not be placed in or removed from the court facility except before commencement or after adjournment of proceedings each day, or during a recess. Neither television film magazines nor still camera film or lenses shall be changed within a court facility except during a recess in the proceeding.
(e) Courtroom Light Sources. With the concurrence of the chief judge of a judicial circuit or district in which a court facility is situated, modifications and additions may be made in light sources existing in the facility, provided such modifications or additions are installed and maintained without public expense.
(f) Conferences of Counsel. To protect the attorney-client privilege and the effective right to counsel, there shall be no audio pickup or broadcast of conferences *493 that occur in a court facility between attorneys and their clients, between co-counsel of a client, or between counsel and the presiding judge held at the bench.
(g) Impermissible Use of Media Material. None of the film, videotape, still photographs, or audio reproductions developed during or by virtue of coverage of a judicial proceeding shall be admissible as evidence in the proceeding out of which it arose, in any proceeding subsequent or collateral thereto, or upon retrial or appeal of such proceedings.
(h) Appellate Review. Review of an order excluding the electronic media from access to any proceeding, excluding coverage of a particular participant, or upon any other matters arising under these standards shall be pursuant to Florida Rule of Appellate Procedure 9.100(d).
APPENDIX
[[Image here]]