PER CURIAM.
This Court, on its own motion, hereby amends rule 2.170, Florida Rules of Judicial *31 Administration. We have jurisdiction pursuant to article V, section 2(a), of the Florida Constitution. Rule 2.170 was originally placed in the Code of Judicial Conduct and designated as A(7) in Canon 3. When the rule was moved to its current location in the Rules of Judicial Administration in 1992, see The Florida Bar Re: Amendment to Florida Rules of Judicial Administration, 609 So.2d 465, 491-93 (Fla.1992), the introductory language and commentary were inadvertently omitted. We have amended rule 2.170 by adding introductory language, renumbering the remaining provisions of the rule, and adding a commentary. The amended rule is appended to this opinion. This amendment will be effective immediately.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

RULE 2.170 STANDARDS OF CONDUCT AND TECHNOLOGY GOVERNING ELECTRONIC MEDIA AND STILL PHOTOGRAPHY COVERAGE OF JUDICIAL PROCEEDINGS
(a) Subject at all times to the authority of the presiding judge to: (i) control the conduct of proceedings before the court; (ii) ensure decorum and prevent distractions; and (iii) ensure the fair administration of justice in the pending cause, electronic media and still photography coverage of public judicial proceedings in the appellate and trial courts of this state shall be allowed in accordance with the following standards of conduct and technology promulgated by the Supreme Court of Florida.
(ab) Equipment and Personnel.
(1)Not more than 1 portable television camera (film camera — 16mm sound on film (self blimped) or videotape electronic camera), operated by not more than 1 camera person, shall be permitted in any trial court proceeding. Not more than 2 television cameras, operated by not more than 1 camera person each, shall be permitted in any appellate court proceeding.
(2) Not more than 1 still photographer, using not more than 2 still cameras with not more than 2 lenses for each camera and related equipment for print purposes, shall be permitted in any proceeding in a trial or appellate court.
(3) Not more than 1 audio system for radio broadcast purposes shall be permitted in any proceeding in a trial or appellate court. Audio pickup for all media purposes shall be accomplished from existing audio systems present in the court facility. If no technically suitable audio system exists in the court facility, microphones and related wiring essential for media purposes shall be unobtrusive and shall be located in places designated in advance of any proceeding by the chief judge of the judicial circuit or district in which the court facility is located.
(4) Any “pooling” arrangements among the media required by these limitations on equipment and personnel shall be the sole responsibility of the media without calling upon the presiding judge to mediate any dispute as to the appropriate media representative or equipment authorized to cover a particular proceeding. In the absence of advance media agreement on disputed equipment or personnel issues, the presiding judge shall exclude all contesting media personnel from a proceeding.
(be) Sound and Light Criteria.
(1) Only television photographic and audio equipment that does not produce distracting sound or light shall be used to cover judicial proceedings. Specifically, such photographic and audio equipment shall produce no greater sound or light than the equipment designated in the Appendix to this rule, when such designated equipment is in good working order. No artificial lighting device of any kind shall be used in connection with the television camera.
(2) Only still camera equipment that does not produce distracting sound or light shall be used to cover judicial proceedings. Specifically, such still camera equipment shall produce no greater sound or light than a 35mm Leiea “M” Series Rangefinder camera, and no artificial fighting device of any kind *32 shall be used in connection with a still camera.
(3) It shall be the affirmative duty of media personnel to demonstrate to the presiding judge adequately in advance of any proceeding that the equipment sought to be used meets the sound and light criteria enunciated in this rule. A failure to obtain advance judicial approval for equipment shall preclude its use in any proceeding.
(ed) Location of Equipment Personnel.
(1) Television camera equipment shall be positioned in such location in the court facility as shall be designated by the chief judge of the judicial circuit or district in which such facility is situated. The area designated shall provide reasonable access to coverage. If and when areas remote from the court facility that permit reasonable access to coverage are provided, all television camera and audio equipment shall be positioned only in such area. Videotape recording equipment that is not a component part of a television camera shall be located in an area remote from the court facility.
(2) A still camera photographer shall position himself or herself in such location in the court facility as shall be designated by the chief judge of the judicial circuit or district in which such facility is situated. The area designated shall provide reasonable access to coverage. Still camera photographers shall assume a fixed position within the designated area and, once established in a shooting position, shall act so as not to call attention to themselves through further movement. Still camera photographers shall not be permitted to move about in order to obtain photographs of court proceedings.
(3) Broadcast media representatives shall not move about the court facility while proceedings are in session, and microphones or taping equipment once positioned as required by subdivision (a)(3) shall not be moved during the pendency of the proceeding.
(de) Movement During Proceedings. News media photographic or audio equipment shall not be placed in or removed from the court facility except before commencement or after adjournment of proceedings each day, or during a recess. Neither television film magazines nor still camera film or lenses shall be changed within a court facility except during a recess in the proceeding.
(ef) Courtroom Light Sources. With the concurrence of the chief judge of a judicial circuit or district in which a court facility is situated, modifications and additions may be made in light sources existing in the facility, provided such modifications or additions are installed and maintained without public expense.
(fg) Conferences of Counsel. To protect the attorney-client privilege and the effective right to counsel, there shall be no audio pickup or broadcast of conferences that occur in a court facility between attorneys and their clients, between co-counsel of a client, or between counsel and the presiding judge held at the bench.
(gh) Impermissible Use of Media Material. None of the film, videotape, still photographs, or audio reproductions developed during or by virtue of coverage of a judicial proceeding shall be admissible as evidence in the proceeding out of which it arose, in any proceeding subsequent or collateral thereto, or upon retrial or appeal of such proceedings.
' (hi) Appellate Review. Review of an order excluding the electronic media from access to any proceeding, excluding coverage of a particular participant, or upon any other matters arising under these standards shall be pursuant to Florida Rule of Appellate Procedure 9.100(d).
[[Image here]]
FILM CAMERAS.16mm Sound
on Film (self blimped)
1. Cinema Products CP-16A-R Sound Camera
2. Arriflex 16mm-16BL Model Sound Camera
*33 3. Frezzolini 16mm (LW16) Sound on
Film Camera
4. Auricon “Cini-Voice” Sound Camera
5. Auricon “Pro-600” Sound Camera
6. General Camera SS III Sound Camera
7. Eclair Model ACL Sound Camera
8. General Camera DGX Sound Camera
9. Wilcam Reflex 16mm Sound Camera
VIDEOTAPE ELECTRONIC CAMERAS
1. Ikegami HL-77 HL-33 HL-35 HL-34 HL-51
2. RCA TK 76
3. Sony DXC-1600 Trinieon
4. ASACA ACC-2006
5. Hitachi SK 80 SK 90
6. Hitachi FP-3030
7. Philips LDK-25
8. Sony BVP-200 ENG Camera
9. Fernseh Video Camera
10. JVC-8800u ENG Camera
11. AKAI CVC-150 VTS-150
12. Panasonic WV-3085 NV-3085
13. JVC GC^800u
VIDEOTAPE RECORDERS/used with video cameras
1. Ikegami 3800
2. Sony 3800
3. Sony BVU-100
4. Ampex Video Recorder
5. Panasonic 1 inch Video Recorder
6. JVC 4400
7. Sony 3800H
Commentary
1994 Amendment. This rule was copied from Canon 3A(7) of the Code of Judicial Conduct. Canon 3A(7) represented a departure from former Canon 3A(7) [ABA Canon 35], The former canon generally proscribed electronic media and still photography coverage of .judicial proceedings from within and in areas immediately adjacent to the courtroom, with three categories of exceptions— (a) use for judicial administration, (b) coverage of investitive, ceremonial, and naturalization proceedings, and (c) use for instructional purposes in educational institutions. Subject to the limitations and promulgation of standards as mentioned therein, the revised canon constituted a general authorization for electronic media and still photography coverage for all purposes, including the purposes expressed as exceptions in the former canon. Limited only by the authority of the presiding .judge in the exercise of sound discretion to prohibit filming or photographing of particular participants, consent of participants to coverage is not required. The text of the rule refers to public .judicial proceedings. This is in recognition of the authority reposing in the presiding judge, upon the exercise of sound discretion, to hold certain judicial proceedings or portions thereof in camera, and in recognition of the fact that certain proceedings or portions thereof are made confidential by statute. The term “presiding *34 judge” includes the chief judge of an appellate tribunal.